IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

2015, INC., an Oklahoma corporation,

    Plaintiff,

v.

INFINITY WARD, INC., a Delaware Corporation; VINCE ZAMPELLA, KEN D. TURNER; and GRANT COLLIER

    Defendants.

---

VINCE ZAMPELLA and KEN D. TURNER,

    Third-Party Plaintiffs,

v.

TOM KUDIRKA,

    Third-Party Defendant.

Case No.: 02-CV-895-EA(C)

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS AND COUNTERCLAIMS AND THIRD PARTY COMPLAINT

FILED
DEC 09 2002
Phil Lombardi, Clerk
U.S. DISTRICT COURT

## I. ANSWER

Defendants Infinity Ward, Inc. ("IW"), Vince Zampella, Ken Turner, and Grant Collier (collectively "Defendants"), answer the Complaint of Plaintiff 2015, Inc. ("2015" or "Plaintiff"), responding to the allegations contained in each numbered paragraph thereof and allege counterclaims and third party claims, as follows:

1. Defendants admit that 2015 is a video game development company located in Tulsa, Oklahoma and that it developed the Medal of Honor Allied Assault ("MOHAA") game for the personal computer platform. Defendants otherwise deny all allegations contained in paragraph 1 because they are expressions of opinion, not allegations of fact, or because they lack sufficient information to affirm or deny.

Error! Reference source not found.S, COUNTERCLAIMS, AND THIRD PARTY COMPLAINT - 1

SEA 1291120v3 57112-9
Seattle

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

2. Defendants deny the allegations contained in paragraph 2.

3. Defendants deny that 2015 was properly organized or maintained as a valid corporation, admit that 2015 maintained offices at 8282 South Memorial Drive, Suite 300 in Tulsa, Oklahoma, and otherwise deny the allegations contained in paragraph 3 because they lack sufficient information to affirm or deny.

4. Defendants admit that IW is a Delaware corporation and that its registered agent is the Corporation Service Company located at 115 S.W. 89th Street, Oklahoma City, Oklahoma 73139-8511. Defendants otherwise deny the allegations contained in paragraph 4.

5. Defendants deny the allegations contained in paragraph 5.

6. Defendants deny the allegations contained in paragraph 6.

7. Defendants deny the allegations contained in paragraph 7.

8. Paragraph 8 contains no allegations that can be answered; rather it states a legal conclusion. To the extent it contains any allegations, Defendants deny the allegations.

9. Defendants admit that the words quoted in paragraph 9 appear on Exhibit 1 and otherwise deny that allegations of paragraph 9.

10. Defendants admit that the damages sought are within the jurisdictional limits of this Court and otherwise deny the allegations of Paragraph 10.

11. Paragraph 11 contains no allegations that can be answered; rather it states a legal conclusion. To the extent it contains any allegations, Defendants deny the allegations.

12. Defendants admit that the words quoted in paragraph 12 appear on Exhibit 1 to the Complaint and otherwise deny that allegations of paragraph 12.

13. Defendants admit that Electronic Arts Inc. ("EA") is a publisher of video games, that publishers sometimes contract with developers to create games, that publishers profit from the sale of video games and that developers often are entitled to receive royalties from game sales. Defendants otherwise deny the allegations contained in paragraph 13 because they lack sufficient information to affirm or deny.

Error! Reference source not found.S, COUNTERCLAIMS, AND THIRD PARTY
COMPLAINT - 2

SEA 1291120v3 57112-9
Seattle

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

14. Defendants admit that EA sold copies of MOHAA beginning in early 2002 and that the game was successful in the market place. Defendants otherwise deny the allegations contained in paragraph 14 because they lack sufficient information to affirm or deny.

15. Defendants deny the allegations contained in paragraph 15 because they lack sufficient information to affirm or deny.

16. Defendants admit that Turner worked as a video game programmer in Springfield, Missouri, that he was hired by 2015, that he purchased 10% of the shares in 2015 and that he served as its corporate secretary for a period of time. Defendants further admit that defendant Zampella worked as a video game producer in California, that he was hired by 2015, and that he purchased 7% of the shares of 2015. Defendants otherwise deny all allegations contained in paragraph 16.

17. Paragraph 17 contains no allegations that can be answered; rather it states a legal conclusion. To the extent it contains any allegations, Defendants deny them.

18. Defendants admit that Zampella and Turner signed employment agreements with 2015 and that the text of those agreements is substantially the same as the text of Exhibit 1. The remainder of Paragraph 18 contains no allegations that can be answered; rather it states a legal conclusion. To the extent it contains any allegations, Defendants deny them.

19. Defendants admit that Zampella and Turner signed Assignment and Confidentiality Agreements in connection with their work on MOHAA and that copies of those agreements are attached as Exhibits 2 and 3, respectively. The remainder of paragraph 19 contains no allegations that can be answered; rather it states a legal conclusion. To the extent it contains any allegations, Defendants deny them.

20. Defendants admit that EA sold a game called Medal of Honor ("MoH") for play on Sony PlayStation, that MoH had sold well and that, at some point, EA and 2015 discussed the possibility of developing a version of MoH for play on Windows-based

Error! Reference source not found.S, COUNTERCLAIMS, AND THIRD PARTY
COMPLAINT - 3

SEA 1291120v3 57112-9
Seattle

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

PCs. Defendants otherwise deny the allegations contained in paragraph 20 because they lack sufficient information to affirm or deny.

21. Defendants admit that, on or around April 1, 2000, EA and 2015 entered into an agreement for the development of MOHAA on a personal computer platform. Defendants admit that 2015 entered into an agreement with EA to develop MOHAA for the X-Box platform on or around September 15, 2000. Defendants otherwise deny all allegations contained in paragraph 21 because they lack sufficient information to affirm or deny.

22. Defendants deny that EA had positive experiences with 2015 and deny that EA desired to continue to do business with 2015, due chiefly to problems with Kudirka. Defendants otherwise deny the allegations contained in paragraph 22.

23. Defendants admit that, on or about January 29, 2001, 2015 hired defendant Collier to work as a video game producer and that Collier was neither offered nor signed an employment agreement. Defendants further admit that Collier and Zampella had previously worked together at another publishing company as associate producer and producer and were friends. Defendants otherwise deny all allegations contained in paragraph 23.

24. Defendants deny the allegations contained in paragraph 24.

25. Defendants admit that 2015 terminated Collier's employment on or about July 2, 2001, and otherwise deny the allegations contained in paragraph 25.

26. Defendants admit that, following his termination, Collier had meetings with various employees of Plaintiff to discuss the formation of a new company and that some of those meetings took place at Peppers Grill. Defendants otherwise deny all allegations contained in paragraph 26.

27. Defendants admit that, on or about July 8, 2001, Collier had a meeting with some of the people who had expressed an interest in working for a new company. Defendants further admit that Collier discussed at that meeting whether Robert Field would want to

Error! Reference source not found.S, COUNTERCLAIMS, AND THIRD PARTY
COMPLAINT - 4

SEA 1291120v3 57112-9
Seattle

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

work for such a company, finding office space, finding a name for the company, and setting up a website for it. Defendants otherwise deny all allegations contained in paragraph 27.

28. Defendants admit that defendant Zampella became so frustrated with Kudirka and the manner in which he was running 2015 that he resigned his employment on or around July 22, 2001. Defendants further admit that Zampella returned to work on or around July 24, 2001, after a number of employees expressed similar frustrations with Kudirka and begged Zampella to return. Defendants otherwise deny all allegations contained in paragraph 28.

29. Defendants admit that Kudirka submitted employment agreements with one year terms to Zampella and Turner in August of 2001. Defendants deny all different and remaining allegations contained in paragraph 29.

30. Defendants admit that in the fall of 2001, Kudirka questioned Zampella about Collier's whereabouts and that Zampella told Kudirka Collier was still living in Tulsa. Defendants otherwise deny all allegations contained in paragraph 30.

31. Defendants admit that Collier told persons who expressed interest in employment at IW that they would be compensated at a rate equal to what they were being paid at 2015. Defendants otherwise deny all allegations contained in paragraph 31.

32. Defendants admit that Collier sent an email to potential employees of IW on October 27, 2001, regarding the creation of the Infinity Ward website and that Zampella was copied on that email. Defendants further admit that Bryan Kuhn assisted in setting up the website but deny that Bryan Kuhn was an employee of 2015 at the time he rendered that assistance, as he had previously resigned his employment due to Kudirka's hostile and demeaning management behavior and later rejoined 2015 at the urging of his colleagues after his work on IW's website was complete. Defendants otherwise deny all allegations contained in paragraph 32.

Error! Reference source not found.S, COUNTERCLAIMS, AND THIRD PARTY
COMPLAINT - 5

SEA 1291120v3 57112-9
Seattle

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

33. Defendants admit that Collier sent an email to Matt Campbell on October 30, 2001, in which he said he was "pretty sure [IW will] be the only video game company in Tulsa fairly soon." Defendants otherwise deny all allegations contained in paragraph 33.

34. Defendants deny the allegations contained in paragraph 34.

35. Defendants deny the allegations contained in paragraph 35.

36. Defendants admit that Kudirka and his lawyer requested that EA issue a letter confirming cancellation of 2015's agreement with EA to develop a port of MOHAA for Microsoft's X-Box platform sometime in October or November 2001, and that this letter was issued to memorialize 2015's oral agreement with EA, entered into much earlier, that 2015 would not be producing the X-Box platform for MOHAA. Defendants admit that IW worked on Medal of Honor Team Assault for EA but deny that 2015 was in line to receive this opportunity as its relationship with EA had deteriorated to such a degree that EA no longer wanted to work with 2015. Defendants otherwise deny all allegations contained in paragraph 36.

37. Defendants deny the allegations of paragraph 37.

38. Defendants admit that Zampella and Turner were employed by 2015 in November of 2001, deny that either violated any duties to 2015 and otherwise deny the allegations of paragraph 38.

39. Defendants admit that Zampella was dissatisfied working at 2015 due to the oppressive, demeaning and ineffective management of Kudirka and that he had made up his mind to leave 2015 after completing work on MOHAA. Defendants admit that Turner and Zampella resigned from 2015 on or about January 11 and that Turner and Zampella each left their keys at 2015's offices at that time. Defendants otherwise deny the allegations contained in paragraph 39.

40. In response to paragraph 40, Defendants incorporate their responses to the foregoing paragraphs by reference.

Error! Reference source not found.S, COUNTERCLAIMS, AND THIRD PARTY COMPLAINT - 6
SEA 1291120v3 57112-9
Seattle

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

41. Paragraph 41 contains no allegations that can be answered; rather it states a legal conclusion. To the extent it contains any allegations, Defendants deny them.

42. Paragraph 42 contains no allegations that can be answered; rather it states a legal conclusion. To the extent it contains any allegations, Defendants deny them.

43. Paragraph 43 contains no allegations that can be answered; rather it states a legal conclusion. To the extent it contains any allegations, Defendants deny them.

44. In response to paragraph 44, Defendants incorporate their responses to the foregoing paragraphs by reference.

45. Paragraph 45 contains no allegations that can be answered; rather it states a legal conclusion. To the extent it contains any allegations, Defendants deny them.

46. Paragraph 46 contains no allegations that can be answered; rather it states a legal conclusion. To the extent it contains any allegations, Defendants deny them.

47. Paragraph 47 contains no allegations that can be answered; rather it states a legal conclusion. To the extent it contains any allegations, Defendants deny them.

48. Paragraph 48 contains no allegations that can be answered; rather it states a legal conclusion. To the extent it contains any allegations, Defendants deny them.

49. In response to paragraph 49, Defendants incorporate their responses to the foregoing paragraphs by reference.

50. Paragraph 50 contains no allegations that can be answered; rather it states a legal conclusion. To the extent it contains any allegations, Defendants deny them.

51. Paragraph 51 contains no allegations that can be answered; rather it states a legal conclusion. To the extent it contains any allegations, Defendants deny them.

52. Paragraph 52 contains no allegations that can be answered; rather it states a legal conclusion. To the extent it contains any allegations, Defendants deny them.

53. Paragraph 53 contains no allegations that can be answered; rather it states a legal conclusion. To the extent it contains any allegations, Defendants deny them.

Error! Reference source not found.S, COUNTERCLAIMS, AND THIRD PARTY
COMPLAINT - 7

SEA 1291120v3 57112-9
Seattle

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

54. In response to paragraph 54, Defendants incorporate their responses to the foregoing paragraphs by reference.

55. Defendants admit that Zampella and Turner signed employment and confidentiality agreements with 2015. Defendants otherwise deny all allegations contained in paragraph 55.

56. Paragraph 56 contains no allegations that can be answered; rather it states a legal conclusion. To the extent it contains any allegations, Defendants deny them.

57. Paragraph 57 contains no allegations that can be answered; rather it states a legal conclusion. To the extent it contains any allegations, Defendants deny them.

58. Paragraph 58 contains no allegations that can be answered; rather it states a legal conclusion. To the extent it contains any allegations, Defendants deny them.

59. In response to paragraph 59, Defendants incorporate their responses to the foregoing paragraphs by reference.

60. Paragraph 60 contains no allegations that can be answered; rather it states a legal conclusion. To the extent it contains any allegations, Defendants deny them.

61. Paragraph 61 contains no allegations that can be answered; rather it states a legal conclusion. To the extent it contains any allegations, Defendants deny them.

62. In response to paragraph 62, Defendants incorporate their responses to the foregoing paragraphs by reference.

63. Paragraph 63 contains no allegations that can be answered; rather it states a legal conclusion. To the extent it contains any allegations, Defendants deny them.

64. Paragraph 64 contains no allegations that can be answered; rather it states a legal conclusion. To the extent it contains any allegations, Defendants deny them.

65. Paragraph 65 contains no allegations that can be answered; rather it states a legal conclusion. To the extent it contains any allegations, Defendants deny them.

Error! Reference source not found.S, COUNTERCLAIMS, AND THIRD PARTY
COMPLAINT - 8

SEA 1291120v3 57112-9
Seattle

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

The remainder of Plaintiff's complaint constitutes a prayer for relief and contains no allegations that can be answered. To the extent the remainder of Plaintiff's complaint contains any allegations that can be answered, Defendants deny them.

## II. AFFIRMATIVE AND OTHER DEFENSES

Defendants make the following Affirmative and Other Defenses to the Plaintiff's Complaint:

1. The Complaint does not state facts sufficient to constitute a cause of action against Defendants.
2. Plaintiff may not plead claims for Attorney fees and punitive damages.
3. Plaintiff' fraud claim is not plead with the specificity required by the Federal Rules of Civil Procedure.
4. Plaintiff's claims are barred by the doctrine of "unclean hands".
5. The Complaint fails to state a legal claim upon which relief can be granted.
6. Plaintiff's claims are barred by the doctrines of waiver and/or estoppel.
7. Plaintiff's claims are unsustainable in whole or in part because of the contributory or comparative negligence of the Plaintiff, other parties to this cause of action, or nonparties to this action.
8. The Plaintiff's injuries, if any there be, are as a result of the actions of Plaintiff, other parties, or nonparties to this action.

## III. COUNTERCLAIMS AND THIRD PARTY CLAIMS

Defendants Zampella and Turner assert counter and third party claims against 2015 and Kudirka for breach of fiduciary duty, failure to observe required corporate formalities and maintain proper corporate records, ultra vires acts, misappropriation of corporate assets, royalties, accounting, corporate dissolution, quantum meruit, conversion, fraud in the inducement, punitive damages and attorneys' fees:

Error! Reference source not found.S, COUNTERCLAIMS, AND THIRD PARTY COMPLAINT - 9

SEA 1291120v3 57112-9
Seattle

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

1. 2015 is a business organization and maintains its principal place of business in Tulsa, Oklahoma. Third party Defendant Tom Kudirka is a resident of the State of Oklahoma and is subject to service of process here.

2. 2015 has subjected itself to the jurisdiction of this Court and Kudirka is subject to personal jurisdiction here by virtue of his residence.

3. Venue over these Counterclaims and Third Party Claims is properly laid in this Court because the acts, errors and omissions upon which they are based occurred in Tulsa County.

4. The damages and other remedies sought are within the jurisdictional limits and powers of this Court.

5. On February 9, 1998, Kudirka filed certain documents with the Secretary of State of Oklahoma to form 2015 as a corporation, consisting of Articles and an initial certificate of formation for 2015. These documents list Kudirka as director, president, and chief executive officer. Kudirka has subsequently failed to observe the forms and procedures required for corporate existence.

6. Turner and Zampella were experienced video game programmers who each had many years of experience between them in the video game industry. In 1998 and 1999, respectively, 2015 offered employment to Turner and Zampella and promised each a share of royalties from sales of games developed by 2015 and an ownership interest commensurate with that share. Turner was promised 10% ownership in 2015 and Zampella was promised 7% ownership as an inducement to work at 2015. Based on these promises, Turner and Zampella accepted the offer of employment with 2015. Grant Collier was hired by 2015 on January 29, 2001. He was not offered a written

Error! Reference source not found.S, COUNTERCLAIMS, AND THIRD PARTY
COMPLAINT - 10
SEA 1291120v3 57112-9
Seattle

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

employment contract. Collier was terminated by 2015 on July 2, 2001, without cause, prior notice or severance pay. Zampella resigned from employment on July 22, 2001 and was rehired on July 24, 2001. Turner and Zampella resigned from employment on January 11, 2002, having completed their work on MOHAA.

7. Kudirka has at all relevant times, and currently, acted as the Chairman, President and Chief Operating Officer of 2015 and as the sole member of its Board of Directors. Kudirka owns all shares of 2015 not owned by Turner and Zampella. Kudirka has failed to hold regular or required meetings of a properly constituted Board of Directors for 2015, has not received proper authorization for 2015 to conduct its affairs, has failed to hold annual meetings of shareholders, has failed to maintain corporate minutes and otherwise observe required corporate formalities.

8. Since 1998, Kudirka instructed employees of 2015 to pay him compensation without proper authority and in excessive amounts, has used the assets of 2015 for his personal benefit, including purchasing jet skis and a television set for personal use and paying salaries to family members, and has otherwise treated the corporate assets of 2015 as his personal assets, engaged in self-dealing transactions and generally disregarded the separate corporate existence of 2015.

9. Kudirka has so frustrated, bullied and alienated 2015's employees through his abrasive, autocratic and demeaning behavior that many no longer wished to work for the company.

10. Kudirka has also failed to establish and to maintain good relations with publishers, and in particular with EA, and his misconduct has damaged the business prospects of 2015.

Error! Reference source not found.S, COUNTERCLAIMS, AND THIRD PARTY
COMPLAINT - 11
SEA 1291120v3 57112-9
Seattle

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

11. Kudirka has failed to maintain standard corporate governance procedures. Other than the organizational documents prepared in February of 1998 and minutes from one shareholder meeting in 2000, Kudirka has not maintained any other corporate records.

12. Kudirka has caused 2015 to report its income to the Internal Revenue Service as a Subchapter S corporation and caused 2015 not to distribute royalties or other profits to its shareholders. Consequently, Kudirka has forced Turner and Zampella to pay income taxes on undistributed profits from 2015. Due to the success of MOHAA in the marketplace, which is due in large measure to the efforts of Turner and Zampella, 2015 is scheduled to receive a sizeable royalty payment from EA in the near future.

13. Kudirka repeatedly told Turner and Zampella that he would not pay dividends to shareholders. He told them that if 2015 received royalty payments he would use the money to pay himself a larger salary.

14. During September of 2002, Kudirka offered to purchase from Turner and Zampella their shares of 2015 stock for $15,000. Kudirka and Zampella refused Kudirka's offer, whereupon Kudirka filed this suit.

## BREACH OF CONTRACT

15. The foregoing paragraphs are incorporated herein by reference.

16. Turner is entitled to receive 10% of all royalties received by 2015 and Zampella is entitled to receive 7% as compensation for work performed for 2015 as employees. These payments have been wrongfully withheld by 2015 and that withholding has caused Turner and Zampella to incur damages.

## PROMISSORY ESTOPPEL

17. The foregoing paragraphs are incorporated herein by reference.

18. Turner is entitled to receive 10% of all royalties received by 2015 and Zampella is entitled to receive 7% as compensation for work performed for 2015 as employees. These payments have been wrongfully withheld by 2015 and that withholding has caused Turner and Zampella to incur damages.

Error! Reference source not found.S, COUNTERCLAIMS, AND THIRD PARTY
COMPLAINT - 12

SEA 1291120v3 57112-9
Seattle

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

### DECLARATORY RELIEF

17. The foregoing paragraphs are incorporated herein by reference.

18. Kudirka has indicated, by words and deeds, that he will continue to cause 2015 to withhold royalties due Turner and Zampella. There is, therefore, a justiciable controversy as to which this Court should grant declaratory relief, establishing the right of Turner to receive 10% and Zampella to receive 7% of all royalties received from EA from sales of MOHAA.

### BREACH OF FIDUCIARY DUTY

19. The foregoing paragraphs are incorporated herein by reference.

20. Kudirka, acting as the sole Director and as President and Chief Operating Officer or 2015, has wrongfully caused 2015 to withhold payments owed to Zampella and Turner as shareholders of 2015, in breach of his fiduciary duties. Kudirka's breach has caused Zampella and Turner to incur damages.

### CORPORATE ACCOUNTING

21. The foregoing paragraphs are incorporated herein by reference.

22. At all relevant times, Kudirka has conducted the affairs of 2015 without proper authority, has failed to observe the required corporate formalities or to maintain adequate corporate books and records, has enriched himself at the expense of 2015 and its other shareholders, and has engaged in a variety of ultra vires and self-dealing transactions.

23. Turner and Zampella have requested copies of all corporate records.

24. Turner and Zampella are entitled to full and unfettered access to all books and records of 2015 and to a full accounting of all corporate assets, receipts, obligations, entitlements, expenditures and other matters of value of 2015.

### STOCK REDEMPTION

25. The foregoing paragraphs are incorporated herein by reference.

Error! Reference source not found.S, COUNTERCLAIMS, AND THIRD PARTY
COMPLAINT - 13

SEA 1291120v3 57112-9
Seattle

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

26. Turner and Zampella are entitled to redemption of their 2015 shares at fair market value.

27. The misconduct of Kudirka has diminished the fair market value of the 2015 shares owned by Turner and Zampella by wrongfully appropriating the assets of 2015 for his personal use and by mismanaging the business of 2015. Turner and Zampella are entitled to an award of damages for the difference between the current fair market value of 2015 shares and the value they would have received upon redemption, absent Kudirka's wrongful conduct.

## CORPORATE DISSOLUTION

29. The foregoing paragraphs are incorporated herein by reference.

30. Under the management of Kudirka, 2015 has not been managed for the benefit of all shareholders and has not been maintained as a valid corporate entity. Consequently, 2015 should be dissolved, its business affairs wound up, its assets sold and the proceeds distributed to its shareholders.

## QUANTUM MERUIT

31. The foregoing paragraphs are incorporated herein by reference.

32. Kudirka made promises to Turner and Zampella regarding their share of ownership and/or profits to be made from 2015 in exchange for their agreement to work for 2015. Turner and Zampella accepted employment with 2015 based on the promises made by Kudirka. Kudirka did not keep those promises and has been unjustly enriched by the efforts of Turner and Zampella.

## CONVERSION

33. The foregoing paragraphs are incorporated herein by reference.

34. By refusing to pay Turner and Zampella the amounts owed to them, and by 2015 distributing said funds directly to Kudirka at Kudirka's behest, Kudirka has wrongfully

Error! Reference source not found.S, COUNTERCLAIMS, AND THIRD PARTY
COMPLAINT - 14

SEA 1291120v3 57112-9
Seattle

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

exercised dominion and control over funds that belong to Turner and Zampella. Turner and Zampella have been damaged in an amount to be proven at trial.

## FRAUD IN THE INDUCEMENT

35. The foregoing paragraphs are incorporated herein by reference.

36. Kudirka made certain material representations about compensation to Turner and Zampella to induce them to work for 2015, including but not limited to ownership in 2015 and shares of the profits generated by 2015. Kudirka had no intention of compensating Turner and Zampella in the manner represented. Turner and Zampella worked for 2015 in justifiable reliance on said representations. Turner and Zampella have been injured by Kudirka's refusal to compensate them in the manner promised.

## PRAYER FOR RELIEF

Wherefore, Defendants pray for the following relief:

1. That the Court award judgment against 2015 and Kudirka for damages caused by Kudirka's breach of contract, breach of fiduciary duty, failure to observe required corporate formalities and maintain proper corporate records, ultra vires acts, and misappropriation of corporate assets, quantum meruit, conversion, and fraud in the inducement.

2. That the Court award damages for taxes paid by Turner and Zampella on profits made by 2015 and withheld by Kudirka.

3. That the Court award payment of royalties from MOHAA to Turner and Zampella.

4. That the Court order an accounting of 2015's books and records.

5. That the Court dissolve 2015 and liquidate its assets.

6. That the Court award Defendants punitive damages for the intentional, willful, and fraudulent commission of the acts alleged herein.

Error! Reference source not found.S, COUNTERCLAIMS, AND THIRD PARTY
COMPLAINT - 15
SEA 1291120v3 57112-9
Seattle

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

7. That the Court award Defendants their reasonable attorneys' fees and costs incurred in maintaining this action.

8. That the Court order such further relief as it deems just and equitable.

DATED this 9th day of December, 2002.

**EDWARDS & HUFFMAN, L.L.P.**

*/s/ Melissa Mailath*

Rodney A. Edwards, OBA #2646
Robert A. Huffman, Jr., OBA #4456
Melissa Mailath, OBA #16573
6226 E. 101st Street, Suite 100
Tulsa, OK 74137
(918) 299-9360
(918) 299-9369 (fax)

-and-

Harry J.F. Korrell, WSBA #23173
Kathryn S. Loppnow, WSBA #29465
Davis Wright Tremaine LLP
1501 Fourth Avenue
2600 Century Square
Seattle, WA 98101
(206) 622-3150

Jodi L. Hansell, WSBA #27296
Davis Wright Tremaine LLP
1740 Broadway
NYC, NY 10019
(212) 603-6416

Error! Reference source not found.S, COUNTERCLAIMS, AND THIRD PARTY
COMPLAINT - 16

SEA 1291120v3 57112-9
Seattle

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was mailed this 9th day of December, 2002, by depositing it in the U.S. Mails, postage prepaid, to the following:

Greg W. Curry
Thompson & Knight, L.L.P.
1700 Pacific Avenue, Suite 3300
Dallas, TX 75201

*/s/ Melissa Mailath*
Melissa Mailath

Error! Reference source not found.S, COUNTERCLAIMS, AND THIRD PARTY
COMPLAINT - 17
SEA 1291120v3 57112-9
Seattle

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699